UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS GOHRE,

        Plaintiff,

        v.        Case No. 21-C-370

MILWAUKEE COUNTY SHERIFF'S OFFICE,

        Defendant.

## SCREENING ORDER

Plaintiff Demetrius Gohre, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Gohre's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Gohre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gohre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $34.64. Gohre's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Gohre alleges that, on February 24, 2021, an officer from the Milwaukee County Sheriff's Department assaulted him in the hallway of the justice building in front of his attorney and mother. Gohre states that the officer, who refused to give Gohre his name, slammed his head into the wall several times while his hands were handcuffed behind his back. Gohre asserts that he suffers from chronic headaches as a result. According to Gohre, the officer also threated to shoot him. Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Based on Gohre's assertion that the alleged assault occurred "while in route to trial," it appears that Gohre was a pretrial detainee at the relevant time. Accordingly, his claim must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The reasonableness of a particular use of force is judged "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. Under the "reasonableness" inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). Development of the record is necessary before the Court can assess

whether the officer's use of force was reasonable. Accordingly, Gohre may proceed with an excessive force claim.

Gohre names the Milwaukee County Sheriff's Office as the only defendant because he does not know the name of the officer who he alleges assaulted him. Under §1983, a person is liable only if they caused or are responsible for the constitutional violation. There is no *respondeat superior* under §1983—in other words, an employer cannot be sued based on the alleged misdeeds of an employee. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The Court will dismiss the Sheriff's Department and will add a John Doe placeholder. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996). Because Gohre does not know the officer's name, the Court will also add Milwaukee County Sheriff Earnell Lucas as a defendant for the limited purpose of helping Gohre identify the officer he claims assaulted him. *See id*. at 556. Sheriff Lucas does not have to respond to the complaint. After Sheriff Lucas's attorney files an appearance in this case, Gohre may serve discovery requests upon Sheriff Lucas (by mailing the requests to his attorney at the address in the notice of appearance) to get information that will help him identify the officer in question.

For example, Gohre may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34 directed to learning the identity of the officer or officers who escorted him to court on February 24, 2021, the date the incident allegedly occurred. If an incident occurred during the escort that generated an incident report, counsel should provide a copy to Gohre. Because Gohre does not state a claim against Sheriff Lucas, Gohre's discovery requests must be limited to information or documents that will help him learn the officer's name. Gohre may not ask Sheriff Lucas about any other topic, and Sheriff Lucas is under no obligation to respond to requests about any other topic.

After Gohre learns the name of the officer, he should file a motion to substitute the officer's name for the John Doe placeholder. Generally, a plaintiff must file an amended complaint when adding a defendant, but because Gohre is *pro se* and his allegations against the officer are clearly stated in the complaint, the Court will allow him to substitute the officer's name for the placeholder. The Court will dismiss Sheriff Lucas as a defendant once Gohre identifies the officer's name. After the officer has an opportunity to respond to Gohre's complaint, the Court will set a deadline for discovery. During discovery, Gohre may serve discovery requests to get the information he believes he needs to prove his claim.

Gohre must identify the name of the John Doe Defendant within sixty days of Sheriff Lucas's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Gohre's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff's Office is **DISMISSED**.

**IT IS FURTHER ORDERED** that John Doe shall be added as a Defendant and that Milwaukee County Sheriff Earnell Lucas shall be added as a Defendant for the limited purpose of helping Gohre identify the name of the John Doe Defendant. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of the complaint and this order shall be electronically sent today to Milwaukee County for service on Sheriff Lucas.

**IT IS FURTHER ORDERED** that Sheriff Lucas does not have to respond to the complaint; however, he shall respond to discovery requests that Gohre serves in an effort to identify the John Doe's name. Sheriff Lucas does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Gohre must identify the Defendant's name within 60 days of Sheriff Lucas's attorney filing a notice of appearance. If Gohre does not identify the Doe Defendant's name by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Gohre shall collect from his institution trust account the $315.36 balance of the filing fee by collecting monthly payments from Gohre's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gohre is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gohre's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gohre is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Gohre may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 24th day of May, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge