UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS GOHRE,

    Plaintiff,

    v.                                  Case No. 21-C-370

ALEJANDRO LEZAMA,

    Defendant.

## DECISION AND ORDER

    Plaintiff Demetrius Gohre is currently serving a state prison sentence at Columbia Correctional Institution and representing himself. He is proceeding on a claim that Defendant used excessive force while transporting him through the Milwaukee County Courthouse. On May 16, 2022, Defendant filed a motion for summary judgment. At Gohre's request, the Court twice extended his deadline to respond to the motion; the current response deadline is August 19, 2022. On July 28, 2022, Gohre filed a motion for an order dismissing Defendant's summary judgment motion. He highlights that Defendant's motion fails to comply with Civil L. R. 56(b)(1)(C) because it does not include a separate statement of proposed material facts entitling him to a judgment as a matter of law. He notes that "[o]f course the defendant should be allowed to refile his motion for summary judgment, so long as [it] is accompanied by Proposed Facts, proposed facts that legitimately support it." Dkt. No. 39.

    Defendant responded to Gohre's motion later that day by filing a motion for leave to file his proposed findings of fact. Defendant's counsel explains that he inadvertently omitted the statement of proposed findings of fact when he filed Defendant's motion, and he learned of the

error when Gohre filed his motion to dismiss Defendant's summary judgment motion. Counsel highlights that Defendant's brief in support of his motion cites to and relies on Defendant's proposed findings of fact. Counsel's failure to file the document was simply a mistake.

In light of counsel's explanation, the Court will allow Defendant to supplement his May 16 summary judgment materials with his Proposed Findings of Fact and will extend Gohre's deadline to respond to Defendant's summary judgment motion to **September 2, 2022**. With this extension, Gohre will suffer no prejudice as a result of counsel's error.

Finally, Gohre filed a motion asking the Court to reconsider its denial of his motion to compel Defendant to respond to a discovery request seeking the location of security cameras in the Milwaukee County Courthouse. Gohre asserts that this information is relevant to a potential spoliation argument. He states that "[t]he reality is that this court will afford great weight to the story told by the defendant, simply because the defendant is a law enforcement official, while the plaintiff is a convicted criminal." Dkt. No. 38 at 2.

Gohre fails to establish that Defendant, a deputy at the Milwaukee County Jail, knows the location of the video cameras in the Milwaukee County Courthouse or was involved in decisions regarding the preservation of video footage. Regardless, as noted previously, the location of the video cameras in the courthouse will not assist Gohre in responding to a motion for summary judgment. His assertion that he needs a video to corroborate his version because the Court will "afford great weight" to defendant's version is incorrect. "[E]valuations of witness credibility are inappropriate at the summary judgment stage." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). This case will survive and proceed to trial if Gohre is able to demonstrate in his response materials that there is a dispute of material fact. Gohre has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendant are in

dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. § 1746.

**IT IS THEREFORE ORDERED** that Gohre's motion for reconsideration of the order denying discovery regarding location of video cameras (Dkt. No. 38) and his motion for an order dismissing defendant's summary judgment motion (Dkt. No. 39) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file Defendant's proposed findings of fact (Dkt. No. 40) is **GRANTED**. The clerk's office is directed to docket Defendant's proposed findings of fact (Dkt. No. 40-1) as a separate docket entry.

**IT IS FURTHER ORDERED** that Gohre's deadline to respond to Defendant's summary judgment motion is **EXTENDED** to **September 2, 2022**. If the Court does not receive his response materials by the deadline, the Court will accept all facts asserted by Defendant as true and will decide the motion without Gohre's input.

Dated at Green Bay, Wisconsin this  2nd  day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge